## Central Pennsylvania Quarry Stripping and Construction Co. v. Gleeson

*McNees, Wallace & Nurick,* for plaintiff.

*Frederic G. Antoun,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for Commonwealth.

KREIDER, J., October 28, 1957. — Plaintiff filed a complaint in equity against defendants, who are the Secretary of Revenue, the Director of the Bureau of Motor Vehicles and the Secretary of Highways of the Commonwealth of Pennsylvania. Plaintiff seeks to restrain defendants from requiring the annual registration of oversize and overweight motor vehicles as

defined in The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §451. A preliminary injunction was awarded which prohibited defendants from requiring registration of such vehicles as a condition precedent to the issuance of a special permit for the same. Thereafter, plaintiff and defendants filed a stipulation of facts which it is agreed shall constitute the full and complete record in this case, together with the pleadings and other papers filed and that on this record the court may render its decree.

### The Question Involved

The question to be decided is whether the owner of an oversized or overweight motor vehicle not regularly moved and operated on the highways of Pennsylvania must register the same annually before he can obtain a special permit to operate such vehicle on the said highways.

### The Facts

The relevant paragraphs of the stipulation of facts are as follows:

"1. The plaintiff, Central Pennsylvania Quarry, Stripping, and Construction Company is a Pennsylvania corporation with its principal office 270 S. Pine Street, Hazleton, Pennsylvania.

"5. The plaintiff is engaged in the construction business in Pennsylvania and owns and operates in connection therewith approximately eighty (80) motor vehicles commonly referred to as Euclid trucks, and other motorized equipment, which are either heavier than maximum weights or in excess of the maximum sizes specified in The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 P. S. Sections 1-458.

"6. The controlling Sections in The Vehicle Code with respect to the sizes and weights of vehicles which may be operated upon the Pennsylvania highways are

Sections 902 and 903, respectively, being 75 P. S. 452 and 75 P. S. 453.

"7. For the past twenty-five (25) years, more or less, the Department of Revenue of the Commonwealth of Pennsylvania has refused to register or issue license tags for the regular operation over the Pennsylvania highways of such over-size and/or over-weight motor vehicles as aforesaid.

"8. During such twenty-five (25) year period as aforesaid, the plaintiff has been able to move such over-size and/or over-weight equipment over the Pennsylvania Highways by obtaining a special permit for each such movement from the Secretary of Highways of the Commonwealth of Pennsylvania, in accordance with the provisions of Section 905 of The Vehicle Code, 75 P. S. 455, but without otherwise registering the same.

"9. The Department of Revenue has, since on or about June 1, 1956, determined to seek the registration and licensing of all such over-size and/or over-weight motor vehicles as aforesaid, pursuant to Section 401 of The Vehicle Code, 75 P. S. 91, as a condition precedent to the operation of such vehicles on the highways of the Commonwealth.

"10. If the Department of Revenue is entitled to require such registration and licensing as aforesaid, in addition to the payment for and issuance of a special permit for said equipment, the plaintiff will be required to spend approximately Fifteen Thousand ($15,000) Dollars in 1956 for the registration and licensing of over-size and/or over-weight equipment not regularly moved or operated on the Pennsylvania highways, over and above the amounts paid to the Secretary of Highways as fees for special permits for each and every movement to be made over the highways on a specially computed weight-mileage basis."

*Discussion*

The law governing motor vehicles and their operation on the highways of the Commonwealth is The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §1, et seq., wherein a vehicle is defined in section 102 as follows:

" 'Vehicle'.—Every device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks: Provided, that, for the purpose of Article X of this act, a bicycle or a ridden animal or a tractor or any other device moving upon wheels on a public highway, except a device moving upon wheels upon stationary rails or tracks on a public highway, shall be deemed a vehicle."

Section 401(*a*) of The Vehicle Code, 75 PS §91, provides:

"(a) Except as is hereinafter provided, no motor vehicle, trailer, or semi-trailer shall be operated upon any highway in this Commonwealth until such motor vehicle, trailer, or semi-trailer shall have been properly registered with the department, as hereinafter provided, and the registration plate or plates that have been issued for the vehicle for the current year are received and displayed as required by this act, and no motor vehicle shall be registered until a certificate of title has been obtained therefor."

The code provides the manner in which vehicles are to be registered, and in section 410 directs that registration be refused in four instances. The relevant instance is as follows, 75 PS §100:

"Registration shall be refused. — The department shall not register any vehicle in any of the following events:

"4. When the vehicle is not constructed or equipped as required by this act."

In paragraph 9 of the stipulation of facts, it is agreed that plaintiff's oversize and overweight equipment is *not regularly moved or operated on the Pennsylvania highways* and in paragraph 5 of the stipulation it is averred that plaintiff's equipment in question (consisting of approximately 80 motor vehicles commonly referred to as Euclid trucks, and other motorized equipment) is either heavier than the maximum weight or in excess of the maximum size specified in The Vehicle Code.

Plaintiff in essence contends that an oversize or overweight vehicle is not "constructed or equipped" as required by the act; that therefore the department has no authority to require the annual registration of it and exact a fee for so doing and that the owner of such a vehicle need only the *"special permit"* authorized by section 905 of The Vehicle Code. Defendants, on the contrary, contend that the code makes a distinction on the one hand between oversize and overweight vehicles (which they aver must be registered under the act before a special permit to operate on the highways may be secured) and, on the other hand, a vehicle whose "construction" does not meet the requirements of the act. They allege that the latter type of vehicle cannot be operated upon the highways in any event under its own power but must be hauled by another motor vehicle which has been registered and thereafter has been granted a special permit to operate.

Defendants contend that all motor vehicles using the highways must be registered annually except those vehicles exempted by the code; that plaintiff's vehicles and equipment do not fall within the specified exemptions because they are oversize and overweight and as such must be registered annually and that such vehicles

are not the kind which are exempted under section 410 which provides, as aforesaid, that *registration shall be refused* "when the vehicle is not *constructed* or equipped as required by this act."

Plaintiff alleges that its oversize and overweight vehicles are really off the highway pieces of heavy earth-moving equipment not intended or designed in most instances for over the road operation, except to move the same from one job at its completion to another, and that at that time plaintiff heretofore applied for and received a special permit from the Secretary of Revenue.

It would seem that the fact that a special permit may be granted under The Vehicle Code by the Secretary of Revenue indicates that no regular use of the highways by such equipment is contemplated by the law. The annual registration of a motor vehicle usually entitles the owner thereof to its use of the highways. Plaintiff's equipment is admittedly oversize and overweight. *Therefore, it could obtain no operating privileges by merely paying the annual registration fee.* Such payment would enrich the Commonwealth but would yield nothing to plaintiff which in any event would be required *in addition* to obtain and pay for a "special permit". We do not believe that the legislature intended to impose such contradictory conditions. We think this conclusion is borne out by the stringent provisions of section 905 which sets forth the conditions precedent to the issuance of a special permit. *Annual registration is not one of them.* Under this section a special permit cannot be issued except: (1) Upon "good cause being shown therefor"; (2) such permit shall be issued for a single trip and shall designate the route to be traversed, subject to such rules, regulations, restrictions or conditions as shall be deemed necessary by the authorities issuing the permit; (3) no substantial increase in the size or

weight of the vehicle shall be made between intermediate points; (4) whenever such permit shall have been issued for crossing the highway, it shall be unlawful to move such vehicle along the highway; (5) any damage done by any vehicle operating on a special permit must be repaired by the permittee.

The qualification *"except as hereinafter provided"* in section 401(a) of The Vehicle Code, 75 PS §91, apparently means that in accordance with other provisions or sections of The Vehicle Code, registration may not be necessary in certain situations and it seems plain, if registration were intended by the legislature, that it could have very easily provided for the same in the section which provides for the issuing of special permits for excessive size and weight.

An examination of article IX of The Vehicle Code discloses that this article constitutes a separate chapter of the code dealing with the one subject of "size, weight and construction" and that the first section (901) of article IX, 75 PS §451, treats together vehicles which exceed the sizes or weights or the construction requirements of the code, and that in article IX on "size, weight and construction" the only manner in which "construction" is treated is by reference to the detailed definitions of sizes and weights, *there being no separate definitions or measures as to proper or improper construction* and that, therefore, when reference is made to vehicles "constructed" as required by the act, such can only mean reference to vehicles within the size and weight limitations permitted by the act. This follows because to speak of any object's dimensions and weight is automatically to speak of its construction, and therefore specifications as to size and weight inescapably define and control the construction of a physical object.

We think to require an annual registration of plaintiff's vehicles in question would negative the reason

for issuing a "special permit" authorized by the code. Moreover, in construing this statute we have considered the practice which has prevailed in the Bureau of Motor Vehicles and State Highway Department for the past 25 years during which no annual registration has been required of oversize and overweight vehicles and the issuance of a special permit for the same and the payment of the fee therefor has been deemed a sufficient compliance with the law.

For the foregoing reasons, we are constrained to make the following

### Conclusions of Law

1. Defendants, Secretary of Revenue and the Director of the Bureau of Motor Vehicles should be enjoined from registering oversize motor vehicles which are not constructed as required by The Vehicle Code.

2. The Secretary of Highways is authorized by law to issue special permits for motor vehicles of excessive size and weight under section 905 of The Vehicle Code without regard to prior registration of such vehicles.

### Decree Nisi

And now, October 28, 1957, it is ordered, adjudged and decreed that the Secretary of Revenue and the Director of the Bureau of Motor Vehicles be enjoined from registering oversize motor vehicles which are not constructed as required by The Vehicle Code; and it is further ordered, adjudged and decreed that the Secretary of Highways issue special permits for motor vehicles of excessive size and weight under section 905 of The Vehicle Code without regard to prior registration of such vehicles.

This decree nisi shall become final as of course unless exceptions are filed thereto within the time allowed by law. The prothonotary is directed to notify forthwith the parties to this proceeding or their counsel of the entry of this decree.